UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Sade Tanasha Carmona, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Charleston Water System, Mark Cline, )<br>Wesley Ropp, )<br>)<br>Defendants. )<br>_____ ) | Civil Action No. 2:22-1694-BHH<br><br>**<u>ORDER</u>** |

This matter is before the Court upon Plaintiff Sade Tanasha Carmona's ("Plaintiff") complaint alleging "bad faith and fraud" by Defendants in connection with her water utility account. Defendants removed the action to federal court and filed a motion to dismiss.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 for the District of South Carolina, these matters was referred to a United States Magistrate Judge for preliminary review. On September 6, 2022, Magistrate Judge Mary Gordon Baker issued a Report and Recommendation ("Report"), outlining the issues and recommending that the Court remand the case to the Charleston County Court of Common Pleas based on the Court's lack of subject matter jurisdiction. Attached to the Report was a notice advising the parties of their right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to

which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error.  After review, the Court finds no clear error and agrees with the Magistrate Judge's thorough analysis.

Accordingly, the Court adopts the Magistrate Judge's Report (ECF No. 18) and incorporates it herein, and the Court grants Defendants' motion (ECF No. 3) to the extent that it remands this action to the Charleston County Court of Common Pleas based on the Court's lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

October 4, 2022
Charleston, South Carolina